REGAN, Judge.
Plaintiff, Fred Greschner, instituted this suit against defendants, Claiborne Towers, Inc., his employer, and New Amsterdam Casualty Company, its insurer, endeavoring to recover workmen’s compensation of $30 per week for a period of 400 weeks, $1,000 for medical expenses, 12% of the entire judgment as penalties and $1,000 as attorney’s fees, for total, permanent disability as the result of a fall, on June 4, 1952, at about four o’clock p. m., in consequence of which he received right and left inguinal hernias, traumatic fibrositis of the internal lateral ligament of his right knee and possible injury to the cartilage thereof.
Defendants answered admitting the occurrence of the accident, but denied that the hernias resulted therefrom and asserted that the injury to plaintiff’s knee had completely healed as of June 25, 1952, and that he had been paid compensation for this injury for a period of two weeks.
The lower court was of the opinion that plaintiff had failed to prove that the hernias from which he is suffering resulted from the accident and, therefore, merely awarded him compensation for his knee injury for a period of 20 weeks at the rate of $30 per week, subject to a credit of $60, plus *33 $64.80 statutory penalties and $108 attorney’s fees. From that judgment plaintiff has prosecuted this appeal. Defendants have answered the appeal requesting that the judgment be amended by reducing the compensation allowed plaintiff from 20 weeks to 8 weeks, less a credit of two weeks and that the penalty be reduced from $64.80 to $21.60 and the attorney’s fee from $108.-00 to $36 and as thus amended it be affirmed.
The record reveals that plaintiff was employed by' the Claiborne Towers, Inc., as building engineer. He related that on June 4, 1952, at about four o’clock p. m. he was checking electrical motors at the base of the cooling tower, located on the roof of the Claiborne Towers, when he slipped from an iron beam and, during the course of the fall of four feet, struck his right knee against another iron beam and immediately experienced excruciating pain in the knee and groin; the pain in the groin endured for approximately ten minutes, but the pain in the knee and shin became so severe that he was forced to visit the emergency ward of the Baptist Hospital, where Dr. Paine, the compensation insurer’s physician, examined and administered to his knee, as plaintiff did not complain of any other injury. On June 6th and June 10th, plaintiff visited Dr. Paine’s office and, on the latter date, complained, for the first time, of pain in the right side of the abdomen and lower inguinal region. Following an examination Dr. Paine discovered that plaintiff had a right and left inguinal hernia. The following day, June 11, 1952, plaintiff visited his own physician, Dr. R. A. Robinson.
Dr. Robinson testified that the history given to him by the plaintiff was that:
“ * * * he slipped while lifting some heavy piece of machinery, associated with his occupation, which suddenly produced excessive stress and strain, causing him to have a sudden burning feeling in the inguinal regions, and a sudden onset of severe pain in his right knee, which caused him to stop work momentarily, * * * several days later, the knee did not seem to improve, and he had discomfort in both inguinal regions, which prompted him to visit me, to consult me.”
Dr. Robinson further related:
“A summary of the complete physical examination revealed an injury to his right knee, described as a traumatic fibrositis of the ligaments about the right knee, with point of maximal tenderness at the site of the internal lateral ligament.
“Examination of both inguinal regions revealed that he had a small right and left indirect inguinal hernia.
“He had some discomfort in the pelvic region at the lower one-half of the abdomen, which I did not think had any cause relationship to his accident as described in the history.”
In addition to the foregoing doctors, plaintiff was also examined by Dr. Paine’s associate, Dr. Dan Baker, and another physician of his own choice, Dr. Lawrence Strug.
A careful analysis of the medical testimony convinces us that the finding of fact by the trial judge was correct and, therefore, we are also of the opinion that the plaintiff did not prove by a preponderance of the evidence that the hernias resulted from the accident sustained by him on June 4, 1952.
The medical testimony relating to plaintiff’s knee injury likewise satisfies us that the-trial court’s conclusion in this respect was without fault, accordingly, we are of the opinion that this injury disabled plaintiff from June 4, 1952 until October 29, 1952, or a period of 20 weeks.
Counsel for the defendants readily admits that the New Amsterdam Casualty Company, the compensation insurer, summarily discontinued compensation payments at a time when the plaintiff was still disabled from his knee or leg injury and under treatment therefor by the insurer’s doctor, but insists that the injury endured for a pe *34 riod of only 8 weeks, however, in oral argument before this court, counsel for defendants conceded that Dr. Paine, by virtue of an examination of plaintiff on July 30, 1952, concluded that plaintiff was still suffering with his knee, although he discharged him on that date.
As we have observed heretofore the evidence satisfies us that the injury to plaintiff’s knee disabled him for a period of 20 weeks, therefore, the penalties were properly allowed by the trial judge.
The record fails to disclose that the plaintiff incurred any medical expenses. The judgment disallowing the claim for this item is, therefore, correct.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.