McBRIDE, Judge.
This matter was before us on two previous occasions (110 So.2d 770 and 119 So.2d 523, 527), and the present appeal requires that we interpret our last decree bathe matter wherein, in addition to workmen’s compensation, we allowed plaintiff the statutory penalties (LSA-R.S. 22:658 and LSA-R.S. 23:1201.2) against his employer and its compensation insurer, in the following words and figures :
“It is further ordered, adjudged and decreed that there be judgment in favor of the plaintiff and against the defendants for 12% penalties on the amount of compensation past due, or which in the future may become past due, together with 20% attorney’s fees on those amounts, provided the attorney’s fees do not exceed $2,500. Defendants are to pay all costs.”
Plaintiff is contending that under the above-quoted portion of our decree he is entitled to 20% of all compensation, wheth *479 er due or not due, and on the penalty thereon, the maximum to be $2,500, while, on the other hand, the defendants assume the position the attorney’s fee should be for no more than an amount equal to 20% of the past due compensation payments and the 12% penalty thereon. The matter reaches us now on the appeal of plaintiff from a judgment of the lower court which refused to hold he is entitled to an attorney’s fee in the sum of $2,500.
The record discloses that defendants tendered $1,239.03 which was refused by plaintiff who stood on his contention that $2,500 was due.
Under the above statutory provisions, whenever the insurer or the employer, as the case may be, through capriciousness, arbitrariness or without probable cause, fails to make payment of workmen’s compensation within 60 days from due date, shall, in addition to the prescribed 12% penalty, pay the claimant “all reasonable attorney’s fees.” In fixing the attorney’s fee the Supreme Court has allowed a specific sum. Seal v. Lionel F. Favret Co., Inc., 238 La. 60, 113 So.2d 468; Wright v. National Surety Corp., 221 La. 486, 59 So.2d 695. On several occasions this court has also allowed a specific sum. Broussard v. Dumas Chevrolet Co., 120 So.2d 863 (certiorari denied) ; Flanagan v. Welch, 93 So.2d 36 (certiorari denied); Greschner v. Claiborne Towers, Inc., 73 So.2d 32 (certiorari denied).
In the instant case we fixed the attorney’s fee on a percentage of the past due compensation and penalty, which occurs to us to be as good a method of computing the fee as any other, and the Supreme Court evidently approved thereof when it denied certiorari on June 1, 1960.
We cannot agree with counsel that the attorney’s fee due plaintiff is $2,500. All we meant was that in this particular case, under the statute plaintiff was entitled to an attorney’s fee in an amount equal to 20% on the compensation payments which were past due and the 12% penalty thereon (not to exceed $2,500), which fee, it develops, amounted to $1,239.03, which was tendered to but refused by plaintiff.
For the reasons assigned, the judgment of the lower court is affirmed.
Affirmed.